UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIEL TUTTLE,

    Plaintiff,

v.    Case No: 8:18-cv-2181-T-23JSS

CREDIT ACCEPTANCE
CORPORATION,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Defendant's Motion to Compel Arbitration and to Dismiss the Case or, in the Alternative, to Stay All Proceedings (the "Motion"). (Dkt. 9.) For the reasons that follow, the Court recommends that the Motion be granted to the extent stated herein.

## BACKGROUND

In March 2018, Plaintiff bought a 2013 Ford F-150 from Bartow Ford Company (the "Dealership"). (Dkt. 9-1 at 5-11.) Plaintiff financed the truck through a Retail Installment Contract ("RIC"), and the loan was assigned to Defendant simultaneously with the contract's execution. (Dkt. 9-1 at 8.) The RIC also included an arbitration agreement, which provides that either party may require any dispute under the RIC to "be fully resolved by binding arbitration." (Dkt. 9-1 at 9.) The arbitration agreement reserves for the courts any dispute about its validity, enforceability, coverage, or scope. (Dkt. 9-1 at 9.)

On August 31, 2018, Plaintiff sued Defendant for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55, invasion of privacy, and intentional infliction of emotional distress. (Dkt. 1.) On September 25, 2018, Defendant moved to compel

arbitration and dismiss the case or, in the alternative, stay all proceedings. (Dkt. 9.) On October 9, 2018, Plaintiff filed a notice stating that he does not object to the Court's compelling arbitration proceedings and staying the case during the arbitration. (Dkt. 10.)

## APPLICABLE STANDARDS

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, generally governs the validity and enforcement of arbitration agreements. *See Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1367 (11th Cir. 2005). The FAA codifies a "strong federal preference for arbitration of disputes." *Musnick v. King Motor Co.*, 325 F.3d 1255, 1258 (11th Cir. 2003). In doing so, the FAA places "arbitration agreements on an equal footing with other contracts, and requires courts to enforce them according to their terms." *Rent–A–Center, W., Inc. v. Jackson*, 561 U.S. 63, 63, 130 S. Ct. 2772, 177 L. Ed. 2d 403 (2010) (internal citations omitted).

Section 4 of the FAA grants district courts the authority to compel arbitration "upon being satisfied that the making of the agreement or the failure to comply therewith is not an issue." 9 U.S.C. § 4. Because arbitration "is a matter of contract," "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'" *Ivax Corp. v. B. Braun of Am., Inc.*, 286 F.3d 1309, 1315 (11th Cir. 2002) (quoting *AT & T Techs., Inc. v. Commc'n*, 475 U.S. 643, 648 (1986)). Therefore, "the first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute." *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 626, 105 S. Ct. 3346, 87 L. Ed. 2d 444 (1985).

While the FAA governs the enforcement of arbitration agreements, state law generally governs whether an enforceable contract or agreement to arbitrate exists. *Caley*, 428 F.3d at 1368 (11th Cir. 2005). Since the parties here executed the RIC in Florida and neither the RIC nor the arbitration agreement itself includes a contrary choice-of-law clause, the Court applies Florida law

to determine whether an enforceable arbitration agreement exists. *See Tranchant v. Ritz Carlton Hotel Co.*, LLC, No. 2:10-CV-233-FTM-29, 2011 WL 1230734, at *3 (M.D. Fla. Mar. 31, 2011) ("Florida law applies here, since the arbitration provision was executed in Florida, plaintiff's claim arose in Florida, and neither the employee agreement nor the arbitration provision itself includes a contrary choice-of-law clause."). The "federal policy favoring arbitration, however, is taken into consideration even in applying ordinary state law." *Cooper v. MRM Inv. Co.*, 367 F.3d 493, 498 (6th Cir. 2004) (quotation marks and citation omitted).

Florida law provides that an arbitration agreement is valid if three questions are affirmatively answered: "(1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration has been waived." *Mora v. Abraham Chevrolet–Tampa, Inc.*, 913 So. 2d 32, 33 (Fla. 2nd DCA 2005) (citing *Raymond James Fin. Servs., Inc. v. Saldukas*, 896 So. 2d 707, 711 (Fla. 2005)). Most challenges to arbitration agreements in Florida focus on the first of these elements—"whether a valid written agreement to arbitrate exists." *Shotts v. OP Winter Haven, Inc.*, 86 So. 3d 456, 464 (Fla. 2011). Under Florida law, a valid written agreement to arbitrate exists so long as there was an offer, acceptance, and sufficient specification of essential terms. *Jones v. Sallie Mae, Inc.*, No. 3:13–cv–837–J–99MMH–MCR, 2013 WL 6283483, at *4 (M.D. Fla. Dec. 4, 2013) (citations omitted).

## ANALYSIS

In the Motion, Defendant asserts that the arbitration agreement covers the claims raised in this case. Defendant moves the Court to compel arbitration and dismiss the case or, in the alternative, stay all proceedings pending the outcome of arbitration. (Dkt. 9.) Plaintiff does not oppose the relief requested in the Motion. (Dkt. 10.)

Upon review of the RIC, the Court finds that the parties entered into a valid written agreement to arbitrate. The arbitration agreement in this case represented Defendant's offer to submit any claim arising out of the RIC to arbitration. (Dkt. 9-1 at 9.) Plaintiff accepted this offer by electronically signing and initialing the RIC and separately electronically initialing the arbitration clause. (Dkt. 9-1 at 5-9.) The arbitration agreement clearly encompasses the claims in this matter, as it pertains to "any controversy or claim between [Plaintiff] and [Defendant] arising out of or in any way related to" the RIC. (Dkt. 9-1 at 9.) In addition, there is consideration for the agreement in that the parties mutually waived their right to suit in favor of arbitration. *See Lemmon v. Lincoln Prop. Co.*, 307 F. Supp. 2d 1352, 1355 (M.D. Fla. 2004) (finding arbitration agreement was supported by consideration based on mutuality of parties' obligation to arbitrate); *see also Tranchant v. Ritz Carlton Hotel Co.*, LLC, No. 2:10-CV-233-FTM-29, 2011 WL 1230734, at *4 (M.D. Fla. Mar. 31, 2011) ("In Florida, one party's promise to submit its claims to arbitration typically provides sufficient consideration to support the other party's promise to submit its claims to arbitration."). Further, the arbitration agreement contains sufficient specification of its essential terms. (Dkt. 9-1 at 9.) Lastly, in filing its Notice of Non-Objection to Defendant's Motion to Compel Arbitration, Plaintiff has not denied that the arbitration agreement was reached or that it is valid. (Dkt. 10.)

Accordingly, it is **RECOMMENDED**:

1. That Defendant's Motion to Compel Arbitration and to Dismiss the Case or, in the Alternative, to Stay All Proceedings (Dkt. 9) be **GRANTED** and that the parties be **ORDERED** to submit Plaintiff's claims to arbitration.

2. That this case be **STAYED** pending the completion of the arbitration proceedings, and that the Clerk of Court be **DIRECTED** to terminate any pending motions and administratively

close this case pending notification from the parties that the case is due to be reopened or dismissed.

3. That the parties be directed to file monthly reports on the status of arbitration.

**IT IS SO REPORTED** in Tampa, Florida, on October 31, 2018.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Steven D. Merryday
Counsel of Record